HOUMAN CHITSAZ (State Bar #219469)
NARDELL CHITSAZ & ALDEN LLP
790 Mission Avenue
San Rafael, California 94901
Telephone: (415) 485-2200
Facsimile:  (415) 457-1420
Email:      houman@ncalegal.com

Attorneys for Defendants DIRTY TRIX SALOON and
LUMPY ENTERPRISES INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES JANKEY, an individual and DISABILITY RIGHTS , ENFORCEMENT EDUCATION, SERVICES HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DIRTY TRIX SALOON, MILLER-RAVETTI CO., a California general partnership, and LUMPY ENTERPRISES, INC.,<br><br>Defendants. | Case No. CV 09 0922 MMC<br><br>**DEFENDANT DIRTY TRIX SALOON AND LUMPY ENTERPRISES INC.'S VERIFIED ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

COMES NOW Defendants DIRTY TRIX SALOON, and LUMPY ENTERPRISES INC., a California corporation (hereinafter collectively referred to as "Defendants") and Answer the complaint on file herein as follows:

## INTRODUCTION

1. Answering Defendants admit that DIRTY TRIX is a place of public accommodations and deny the remaining allegations contained in Paragraph 1 of the complaint on lack of information or belief.

2. Answering Defendants deny Paragraph 2 of the complaint on lack of information or belief.

## JURISDICTION AND VENUE

3. Answering Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1331; except as so admitted, answering Defendants deny the remaining allegations of Paragraph 3.

4. Answering Defendants admit the allegations of Paragraph 4.

## PARTIES

5. Answering Defendants deny the allegations of Paragraph 5 on lack of information or belief.

6. Answering Defendants deny the allegations of Paragraph 6 on lack of information or belief.

7. Answering Defendants deny the allegations of Paragraph 7 on lack of information or belief.

8. Answering Defendants admit the allegations of Paragraph 8 that Defendants are the owners and operators of the public accommodation known as DIRTY TRIX SALOON, located at/near 408 Clement Street, San Francisco, California and deny the remaining allegations contained therein on lack of information and belief.

9. Answering Defendants admit that Defendants own and operate in joint venture the subject DIRTY TRIX SALOON as a public accommodation. Answering Defendants admit that this business is open to the general public and conducts business therein. Answering Defendants admit that this business is a public accommodation. Answering Defendants deny the remaining allegations of Paragraph 9 on lack of information or belief.

10. Answering Defendants admit that Plaintiffs purport to quote from CFR § 36.201(b), and deny the remaining allegations of Paragraph 10 based on lack of information or belief.

**DEFENDANT DIRTY TRIX SALOON'S VERIFIED ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

## IV. PRELIMINARY FACTUAL ALLEGATIONS

11.     Defendants admit that the DIRTY TRIX SALOON is a bar located at 408 Clement Street, San Francisco, California. Answering Defendants deny the remaining allegations of Paragraph 11 on lack of information or belief.

12.     Answering Defendants deny Paragraph 12 on lack of information or belief.

13.     Answering Defendants deny the allegations of Paragraph 13 on lack of information and belief.

14.     Answering Defendants deny the allegations of Paragraph 14.

15.     Answering Defendants deny the allegations of Paragraph 15 on lack of information or belief.

16.     Answering Defendants deny the allegations of Paragraph 16 on lack of information or belief.

17.     Answering Defendants deny the allegations of Paragraph 17 on lack of information or belief.

18.     Answering Defendants deny the allegations of Paragraph 18 on lack of information or belief.

19.     Answering Defendants deny the allegations of Paragraph 19 on lack of information or belief

20.      Answering Defendants deny the allegations of Paragraph 20.

21.     Answering Defendants deny the allegations of Paragraph 21.

22.     Answering Defendants deny the allegations of Paragraph 22 on lack of information or belief. Defendants never received a January 23, 2009 letter from Plaintiff.

23.     Answering Defendants deny the allegations of Paragraph 23.

24.     Answering Defendants deny the allegations of Paragraph 24 on lack of information or belief as to Defendant MILLER-RAVETTI CO., and deny the remaining allegations contained therein.

25.     Answering Defendants deny the allegations of Paragraph 25 on lack of information or belief.

DEFENDANT DIRTY TRIX SALOON'S VERIFIED ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26. Answering Defendants deny the allegations of Paragraph 26 on lack of information or belief.

27. Answering Defendants deny the allegations of Paragraph 27.

28. Answering Defendants deny the allegations of Paragraph 28.

29. Answering Defendants deny the allegations of Paragraph 29 on lack of information an belief.

30. Answering Defendants admit that Plaintiffs seek injunctive relief and deny the remaining allegations of Paragraph 30 on lack of information or belief.

31. Answering Defendants admit that Plaintiffs request the remedy as set forth in Plaintiffs' complaint and deny the remaining allegations of Paragraph 3.

32. Answering Defendants deny the allegations of Paragraph 32.

33. Answering Defendants deny the allegations of Paragraph 33.

34. Answering Defendants deny the allegations of Paragraph 34.

35. Answering Defendants deny the allegations of Paragraph 35.

36. Answering Defendants deny the allegations of Paragraph 36.

37. Answering Defendants deny the allegations of Paragraph 36 on lack of information and belief.

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

38. Answering Defendants incorporate their Answers to Paragraph 1 through 38 as though fully set forth below.

39. Answering Defendant admits that, in Paragraph 39, Plaintiffs purport to set forth congressional findings with respect to the Americans with Disabilities Act.

40. Answering Defendant admits that, in Paragraph 40, Plaintiffs purport to set forth a congressional statement of purpose in passing the Americans with Disabilities Act.

41. Answering Defendants admit that, in Paragraph 41, Plaintiffs purport to set forth definitions from the Americans with Disabilities Act of 1990

**DEFENDANT DIRTY TRIX SALOON'S VERIFIED ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

42. Answering Defendants deny the allegations of Paragraph 42 on lack of information and belief.

43. Answering Defendants admit that Plaintiffs purport to set forth prohibited forms of disability discrimination from the Americans with Disabilities Act. Except as so admitted, answering Defendants deny the allegations of Paragraph 43.

44. Answering Defendants deny the allegations of Paragraph 44.

45. Answering Defendants admit that Plaintiffs purport to quote from definitional terms of "readily achievable" in Paragraph 45 of the Complaint. Except as so admitted, Answering Defendants deny the remaining allegations of Paragraph 45.

46. Answering Defendants deny allegations contained within in Paragraph 46 on lack of information and belief.

47. Answering Defendants deny allegations contained within in Paragraph 47.

48. Answering Defendants admit that Plaintiffs purport to quote certain provisions of the American with Disabilities Act in Paragraph 48, but deny the remaining allegations of said paragraph and affirmatively allege that the circumstances of this case are not appropriate for injunctive relief.

49. Answering Defendants deny the allegations of Paragraph 49 and specifically deny that Plaintiffs are entitled to recovery of attorney's fees.

## II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE

50. Answering Defendants incorporate their answers to Paragraph 1 through 49 of the complaint as though fully set forth herein.

51. Answering Defendants admit the allegations of Paragraph 51.

52. Answering Defendants admit that that Paragraph 52 of the complaint purports to quote from California Civil Code § 54.1.

53. Answering Defendants admit that that Paragraph 53 of the complaint purports to quote from California Civil Code § 54.1(d).

54. Answering Defendants deny that they continue to deny full and equal access to Plaintiffs or that they knowingly and willfully fail and refuse to remove architectural barriers. Defendants deny the remaining allegations of Paragraph 55 on lack of information or belief.

55. Answering Defendants deny allegations contained within in Paragraph 55 on lack of information and belief.

56. Answering Defendants deny the allegations of Paragraph 56.

57. Answering Defendants deny that their actions constituted discrimination against persons with disability and deny the remaining allegations of Paragraph 61 on lack of information and belief.

58. Answering Defendants deny wrongful conduct and deny the remaining allegations contained within in Paragraph 58 on lack of information and belief.

59. Answering Defendants deny the allegations of Paragraph 59 and specifically deny that Plaintiffs are entitled to recovery of attorney's fees

### III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE SECTION 19955

60. Answering Defendants incorporate their answers to Paragraphs 1 through 59 as though fully set forth herein.

61. Answering Defendants admit that in Paragraph 61 of the Complaint, Plaintiffs purport to quote from Health & Safety Code §19955.

62. Answering Defendants admit that the language of Health & Safety Code § 19956 is as quoted in Paragraph 62, but deny the remaining allegations purporting to assert that said code section applies to the premises and circumstances as to which Plaintiffs complain.

63. Answering Defendants deny the factual allegations of Paragraph 63 in the application of the quoted code section to the premises.

64. Answering Defendants admit the allegations of Paragraph 64.

65. Answering Defendants deny the allegations of Paragraph 65.

66. Answering Defendants deny the allegations of Paragraph 66 and deny that Plaintiffs are entitled to attorney's fees or other litigation costs under the statutes cited in Paragraph 66, or otherwise.

67. Answering Defendants deny that injunctive relief sought under Paragraph 67 of the complaint is available or appropriate in the circumstances of this case.

////

////

## IV. FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES, AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51

68. Answering Defendants incorporate their answers to Paragraphs 1 through 67 as though fully set forth herein.

69. Answering Defendants that Paragraph 69 of the complaint purports to quote provisions of California Civil Code § 51. Answering Defendants deny the remaining allegations of said Paragraph.

70. Answering Defendants that Paragraph 70 of the complaint purports to quote provisions of California Civil Code § 51. Answering Defendants deny the remaining allegations of said Paragraph.

71. Answering Defendants deny the factual allegations of Paragraph 71; further, answering Defendants incorporate their responses to Plaintiffs' First Cause of Action in response to the incorporated alleged ADA violation asserted in Paragraph 71.

72. Answering Defendants deny the allegations of Paragraph 72 on lack of information or belief.

73. Answering Defendants deny the allegations of Paragraph 73 and deny that Plaintiffs are entitled to attorney's fees or other litigation costs under the statutes cited in Paragraph 73, or otherwise

**WITHOUT WAIVING THE FOREGOING ANSWER, ANSWERING DEFENDANTS ASSERT AFFIRMATIVE DEFENSES AS FOLLOWS:**

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs have failed to state a claim against answering Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Answering Defendants are informed and believe, and therefore allege, that Plaintiffs have failed to mitigate damages, if any there were, although they had reasonable opportunity to do so.

### THIRD AFFIRMATIVE DEFENSE

3. Answering Defendants are informed and believe, and therefore allege, that Plaintiffs' injuries, if any, were directly and legally caused by the acts or omissions, or both, of persons, firms, or entities other than answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs have failed to pursue their administrative remedies required before filing any action.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' allegations fail to support a claim for punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

7. Answering Defendants are informed and believe, and therefore allege, that Plaintiffs' complaint, and each claim contained therein, fails as a matter of law because Plaintiffs failed to give answering Defendants sufficient notice of their presently stated claim of need for accommodation or assistance.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' attorney's fees are unnecessary and unreasonable as Plaintiffs made insufficient communications to answering Defendants about the specific allegations contained in the complaint before Plaintiffs filed suit against answering Defendants.

## NINTH AFFIRMATIVE DEFENSE

9. On information or belief, Plaintiffs lack standing.

## TENTH AFFIRMATIVE DEFENSE

10. Each cause of action purported to be alleged in the complaint against these answering Defendants is barred in whole or in part by the applicable statutes of limitations including, but not limited to, Code of Civil Procedure sections 337, 338, 339, 340 and 343.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants allege that this action is not ripe for adjudication, in that that the condition precedent to bringing the action was not met.

## TWELFTH AFFIRMATIVE DEFENSE

12. The Court has no jurisdiction of the subject of the cause of action alleged in the complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. At the time of the incident alleged in Plaintiff's complaint, Plaintiffs failed to exercise reasonable or ordinary care such that the injuries and damages allegedly sustained by Plaintiffs were proximately caused or contributed to by Plaintiffs' own negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs are not entitled to the relief requested in the complaint because such relief would work a substantial hardship on the defendant relative to the benefit Plaintiffs would gain by the relief.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Any claim for punitive damages or exemplary damages is barred by the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and by Article 1 of the Constitution of California; California Civil Code Section 3294 is invalid on its face and/or as applied to Defendants in this action, because it contravenes rights guaranteed to Defendants under the aforesaid Amendments and Constitutions.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiffs cannot prove any facts showing that the conduct of this answering defendant was the cause in fact of any alleged injuries or damages suffered by Plaintiffs as alleged in the complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. The actions complained of were made without malice or wrongful intent on the part of Defendants and in a reasonable and good faith belief of its legal right to perform the actions complained of.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Discovery has not yet been completed and Defendants reserve the right to assert any affirmative defenses which may appropriate, whether such affirmative defenses are raised herein or not.

////

////

////

## JURY DEMAND

Answering Defendants demand trial by jury.

WHEREFORE, Defendant requests that:

(1)  Plaintiffs take nothing by this action;

(2)  A judgment of dismissal be entered in favor of Defendants;

(3)  Defendants be awarded the costs of suit incurred; and

(4)  Defendants be awarded any other and further relief the Court considers proper.

Dated: May 16, 2009

NARDELL CHITSAZ & ALDEN LLP

By: _____
HOUMAN CHITSAZ
Attorneys for Defendants